1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

TERRANCE ROBIN FURNESS,

           Petitioner,

    v.

JAMES D. HARTLEY, Warden,

           Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 07-288 AHS(JC)

ORDER ADOPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF
UNITED STATES MAGISTRATE
JUDGE

17
18
19
20
21

       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and accompanying documents, all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").  Except as set forth below, the Court approves and adopts the Report and Recommendation.

22
23
24
25
26
27
28

       "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 464 (1981).  In some instances, however, state statutes may create a liberty interest in parole entitled to protection under the federal Due Process Clause.  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 371 (1987) ("[D]espite the

1  necessarily subjective and predictive nature of the parole-release decision, state

2  statutes may create liberty interests in parole release that are entitled to protection

3  under the Due Process Clause.") (citation omitted).

4       The Ninth Circuit has held that "California's parole scheme gives rise to a

5  cognizable liberty interest in release on parole."  McQuillion v. Duncan, 306 F.3d

6  895, 902 (9th Cir. 2002).  Because California's parole scheme guarantees that

7  prisoners will not be denied parole absent "some evidence" of present

8  dangerousness, In re Shaputis, 44 Cal. 4th 1241, 1254 (2008); In re Lawrence,

9  44 Cal. 4th 1181, 1212 (2008), the Ninth Circuit has also held that the liberty

10 interest in parole release created by California law encompassed California's

11 "some evidence" rule.  Pearson v. Muntz, 625 F.3d 539, 547 (9th Cir. 2010) (per

12 curiam); Hayward v. Marshall, 603 F.3d 546, 561-63 (9th Cir. 2010) (en banc).

13 Thus, the Ninth Circuit instructed reviewing federal district courts to determine

14 whether California's application of its "some evidence" rule was unreasonable or

15 was based on an unreasonable determination of the facts in light of the evidence.

16 Hayward, 603 F.3d at 562-63; Pearson, 625 F.3d at 548.

17      Based upon the foregoing law, the Report and Recommendation rejected

18 respondent's contention that the "some evidence" standard was inapplicable in the

19 parole context and accordingly, addressed the merits of petitioner's contentions in

20 this regard, concluding that petitioner was not entitled to relief because, among

21 other things, "some evidence" did support the denial of parole and the decision to

22 defer petitioner's next parole hearing for two years.  (Report and Recommendation

23 at 8-16, 19-20).

24      On January 24, 2011 – subsequent to the issuance of the Report and

25 Recommendation – the United States Supreme Court issued Swarthout v. Cooke

26 ("Cooke"), 131 S. Ct. 859 (2011) (per curiam), in which it first stated that the

27 Ninth Circuit's holding that "California law creates a liberty interest in parole . . .

28 is a reasonable application of our cases."  Id. at 831-32.  The Supreme Court then

2

1   disagreed with the Ninth Circuit's explication of the extent of the liberty interest

2   created, holding "it is no federal concern . . . whether California's 'some evidence'

3   rule of judicial review (a procedure beyond what the Constitution demands) was

4   correctly applied"; rather, "the responsibility for assuring that the constitutionally

5   adequate procedures governing California's parole system are properly applied

6   rests with California courts, and is no part of [a federal court's] business." Id. at

7   863.  Instead, the federal habeas court's inquiry into whether a prisoner denied

8   parole received due process is limited to determining whether the prisoner "was

9   allowed an opportunity to be heard and was provided a statement of the reasons

10  why parole was denied." Id. at 862 (citing Greenholtz, 442 U.S. at 16).

11          As the record reflects that petitioner was present at the parole hearing in

12  issue, was given an opportunity to be heard, and was provided a statement of the

13  reasons for the Board's decision (Lodged Doc. 5), "[t]he Constitution does not

14  require more [process]." Greenholtz, 442 U.S. at 16; Cooke, 131 S. Ct. at 862.

15  Accordingly, this Court concludes that petitioner's "some evidence" claims are

16  without merit based upon such record and Cooke, rather than on the substantive

17  analysis contained in the Report and Recommendation.

18          IT IS ORDERED that Judgment be entered denying the Petition and

19  dismissing this action with prejudice.

20          IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the

21  Report and Recommendation, and the Judgment herein on petitioner and counsel

22  for respondent.

23          LET JUDGMENT BE ENTERED ACCORDINGLY.

24          DATED:  April 18, 2011

25                                          ALICEMARIE H. STOTLER
                                            _____
26
                                            HONORABLE ALICEMARIE H. STOTLER
27                                          SENIOR UNITED STATES DISTRICT JUDGE

28